CITY OF FREMONT V. MARTIN BRENNER.

[FILED OCTOBER 1, 1889.]

**Practice.** Where there is no material error in the proceedings of the trial court, and the verdict is sustained by the evidence, the judgment will not be reversed.

ERROR to the district court for Dodge county. Tried below before MARSHALL, J.

*N. H. Bell*, for plaintiff in error:

The place was dangerous and defendant in error had knowledge of and could have avoided it. He was guilty of contributory negligence and cannot recover. (*City of Erie v. Magill*, 101 Pa. St., 616; *Wilson v. Charlestown*, 8 Allen [Mass.], 137; *Durkin v. Troy*, 61 Barb. [N. Y.], 437; *Schaefler v. Sandusky*, 33 O. S., 246; *City of Quincy v. Barker*, 81 Ill., 300; *Thomas v. Mayor*, 28 Hun [N. Y.], 110; *City of Centralia v. Krouse*, 64 Ill., 19; *Butterfield v. Forrester*, 11 East, 60.) The instructions are in-

applicable and insufficient.    Much of defendant in error's testimony is inadmissible and prejudicial.

*Frick & Dolezal*, for defendant in error:

The evidence proves the city's negligence.    The change in the crossing soon after the injury shows the existence of a defect at the time of said injury. (*City of Emporia v. Schmidling*, 6 Pac. Rep., 893.)    The negligence was actionable. (*Hill v. Fond du Lac*, 14 N. W. Rep., 25.)    Contributory negligence is a question of fact. (*City of Plattsmouth v. Mitchell*, 20 Neb., 231; *Nebraska City v. Rathbone*, Id., 294; *O., etc., R. Co. v. O'Donnell*, 22 Id., 475; *City of Lincoln v. Gillilan*, 18 Id., 114.)    The cases cited by plaintiff in error differ in their facts from the present one and are inapplicable.    A party knowing of a defect is only held to ordinary care. (*Hubbard v. Mason City*, 20 N. W. Rep., 172 ; *Mackenzie v. Northfield*, 16 Id., 172; *Munger v. Marshalltown*, 13 Id., 642; *Delger v. St. Paul*, 14 Fed. Rep., 567; *Nichols v. Minneapolis*, 23 N. W. Rep., 868; *Bullock v. Mayor*, 2 N. E. Rep., 1; *Evans v. Utica*, 69 N. Y., 166.)    The city is not excused by the fact that a young and healthy man could travel the walk at all seasons. (*Stewart v. Ripon*, 38 Wis., 591.)    The instruction as to the measure of damages is correct. (*Louisville, etc., R. Co. v. Falvey*, 3 N. E. Rep., 389; *City of Indianapolis v. Scott*, 72 Ind., 196; *Same v. Gaston*, 58 Id., 196).

MAXWELL, J.

This is an action to recover damages for personal injuries sustained by Brenner by reason of an alleged defect in a street crossing in the city of Fremont.    After alleging the incorporation of the city, the cause of action is stated as follows:

" That Sixth street is, and at all times hereinafter mentioned was, a principal street and thoroughfare, within the

corporate limits of defendant, and is, and at said times, and for more than ten years prior thereto, was, used by the public generally for travel, and during all of said times said defendant exercised exclusive control and supervision over said street, and said defendant set apart a portion of said street along the north side thereof as a sidewalk to be used by foot travelers passing on and along said street, and among other crosswalks established a crosswalk across said street along the west side of F street for the use of persons traveling on foot across Sixth street at said place, and the same was generally used by persons traveling on said street at said place of travel; that the said defendant, disregarding its duty to keep said crosswalk reasonably safe for persons traveling on foot thereon, carelessly and negligently constructed said crosswalk and established the grade thereof and of said sidewalk along the north side of said Sixth street, and carelessly and negligently made the crosswalk join said sidewalk by a steep incline in said crosswalk so that said crosswalk at said place, and the incline thereof, by the ordinary storms and fall of snow, and the weather in the winter season, and by the ordinary accumulation of snow and ice thereon, became and was during the winter season slippery and dangerous to all persons traveling thereon with due diligence and care in the winter season.

"That thereafter, in the winter season, to-wit, on the 29th day of December, 1886, while the plaintiff was traveling on foot on and over said street and crosswalk and the incline thereof with due care, and without any fault or negligence on his part, the plaintiff, by said slippery and dangerous condition of said sidewalk and the incline thereof, and by the defective construction and grade thereof as aforesaid, was made to slip, and was made to violently fall to the ground, whereby the plaintiff was greatly bruised, and his left arm was thereby fractured and broken and plaintiff was thereby permanently injured in and about said arms and plaintiff thereby suffered great pain of body

and mind, and plaintiff was put to great expense in securing medical treatment and the services of a physician in and about his said injuries."

There is also an allegation that the claim was rejected by the city council. The prayer is for judgment for $2,000.

The answer consists of certain specific denials and a plea of contributory negligence on the part of Brenner.

On the trial of the cause the jury returned a verdict in favor of Brenner for $500, upon which judgment was rendered. A number of errors are assigned, the principal objections being to certain instructions given, and to the refusal to give instructions asked. The instructions given, which are very long, seem to cover every point upon which there was evidence, and no particular error in them has been pointed out, and there was no error in refusing to give the instructions asked, as those previously given seem to have been full and complete. The questions of fact were fairly submitted to the jury, and in our view the verdict is fully supported by the evidence. There is no error in the record, and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other Judges concur.